UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-cr-00074-BLOOM

UNITED STATES,

    Plaintiff,

v.

ABEL DIAZ,

    Defendant.

_____/

### ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

**THIS CAUSE** is before the Court upon Defendant Abel Diaz's filing, titled "Letter to the Honorable Chief Judge Federico A. Moreno," ECF No. [222] ("Motion"), filed on August 1, 2023. In that filing, Diaz asserts that he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and he requests appointment of counsel to assist him in presenting that argument.

On November 3, 2000, Judge Moreno sentenced Diaz to life in prison for conspiracy to possess with intent to distribute cocaine, using and carrying a firearm during and in relationship to a drug trafficking crime, and conspiracy to possess, use and carry firearms during and in relation to a drug trafficking crime. ECF No. [74]. On September 30, 2008, Judge Moreno reduced Diaz's combined sentence to 35 years. ECF No. [131]. On February 6, 2023, this case was reassigned to the undersigned. ECF No. [221]. Thus, while Diaz's filing is titled "Letter to the Honorable Chief Judge Federico A. Moreno," the Court interprets Diaz's filing to be directed to the Court.

To the extent that Diaz seeks to challenge his sentence due to an alleged *Apprendi* violation, Defendant's Motion would be construed as one brought under 28 U.S.C. § 2255. Section 2255 Motions generally must be brought within one year of the challenged Judgment. *See id.* § 2255(f).

Case No. 00-cr-00074-BLOOM

In Diaz's case, that would be one year after his resentencing on September 30, 2008. *See Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010) (explaining that a petitioner may file a new post-judgment motion following resentencing without it being considered "second or successive" within the meaning of 28 U.S.C. § 2244(b)(1)). Accordingly, Diaz's attempt to challenge his sentence appears to be untimely.

To the extent that Diaz seeks appointment of counsel, the circumstances do not warrant that relief. "[T]here is no federal constitutional right to postconviction counsel." *Barbour v. Haley*, 471 F.3d 1222, 1229 (11th Cir. 2006). "When a party does not have a constitutional, statutory, or rule-based right to counsel, the district court may exercise its discretion as to whether to appoint counsel." *United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021). "The district court has broad discretion in making this decision and should appoint counsel only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (internal citations omitted).

Having carefully reviewed Diaz's Motion and the record in this case, the Court finds an absence of "exceptional circumstances" that would justify appointment of counsel. *Id.* First, as explained above, Diaz's attempt to challenge his sentence is almost certainly untimely. 28 U.S.C. § 2255(f). Second, as Diaz recognizes, ECF No. [222] at 2, the Eleventh Circuit already rejected Diaz's *Apprendi* argument on direct appeal. *See* ECF No. [106] at 16.

Accordingly, it is **ORDERED AND ADJUDGED** that Diaz's Motion, **ECF No. [222]**, is **DENIED**.

Case No. 00-cr-00074-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record