UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-cr-00074-BLOOM

UNITED STATES OF AMERICA,

v.

ABEL DIAZ,

    Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
SECTION 3582(c)(1)(A)(i)**

**THIS CAUSE** is before the Court upon Defendant Abel Diaz's Motion for Compassionate Release [pursuant to] Section 3582(c)(1)(A)(i) ("Motion"). ECF No. [224]. The Government filed a Response in Opposition, ECF No. [228], to which Defendant filed a Reply. ECF No. [230]. The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.      FACTUAL BACKGROUND**

On August 17, 2000, Defendant was charged by Indictment with: conspiring to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846 (Count 1); attempting to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846 (Count 2); using, carrying, and possessing firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 3); and conspiring to use, carry, and possess firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(o) (Count 4). *See* ECF No. [43]. Defendant proceeded to trial on all four counts. On

September 5, 2000, the jury returned a verdict finding Defendant guilty on Counts 1, 3, and 4 and not guilty on Count 2. ECF Nos. [58], [65].

Prior to sentencing, the Office of United States Probation issued a Presentence Investigation Report which indicated that Defendant's total offense level was 40, and he had a criminal history category of VI, resulting in a sentencing range of 360 months to life imprisonment. On November 3, 2000, the Court sentenced Defendant to life imprisonment on Count 1, and a 20-year term on Count 3 which were to be served concurrently. *See* ECF No. [74], [95]. The Court also sentenced Defendant to five years of imprisonment on Count 2 to be served consecutively to the sentences served on Counts 1 and 3. *See id.*

Since Defendant was sentenced, he has filed numerous motions seeking to reduce or modify his sentence, all of which have been denied. *See* ECF Nos. [118], [119], [134], [135], [136], [143], [146], [176], [177], [188], [198], [200], [201], [208]. However, on July 22, 2008, the Government filed a motion to reduce Defendant's sentence based on Defendant's substantial assistance in the prosecution of others. ECF No. [122]. The Court thereafter granted the Government's motion and reduced Defendant's sentence on Count 1 from a term of life imprisonment to a sentence of 30 years (360 months) of incarceration. ECF No. [130].

Defendant now seeks compassionate release pursuant to U.S.S.G. § 1B1.13(b)(6) (unusually long sentence) and § 1B1.13(b)(5) (other reasons). *See* ECF No. [224]. Regarding the unusually long sentence, Defendant argues that the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), holding that the federal sentencing guidelines were merely advisory rather than mandatory, constitutes a qualifying change in the law that occurred after Defendant's sentence, and therefore, may properly serve as an extraordinary and compelling reason to reduce his sentence under U.S.S.G. § 1B1.13(b)(6). *See id.* at 15-17. Defendant also

2

claims the following reasons warrant compassionate release pursuant to U.S.S.G. § 1B1.13(b)(5) (other reasons): (1) Defendant's young age when he committed the offense; (2) the length of his sentence in comparison to similarly situated offenders; (3) the length of his sentence relative to his fellow co-defendants; (4) his arrest was the result of a reverse sting investigation; and (5) his sentence violated *Apprendi*. *See id.* at 18-47.

## II.     LEGAL STANDRD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### 18 U.S.C. § 3582(c)(1)(A)

Defendant seeks compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). The relevant portion of the statute provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i)   extraordinary and compelling reasons warrant such a reduction….
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i).

To grant a defendant's request for a reduced sentence under § 3582(c)(1)(A), the Court must: (1) find Defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit has held any such reduction must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still

4

retains discretion to determine whether a sentence reduction is warranted").

### III.   DISCUSSION

The Court need not consider Defendant's § 1B1.13(b)(5) and (6) arguments because, even assuming Defendant has established an extraordinary and compelling basis for compassionate release,[1] the Court finds, as it has in its previous orders,[2] that the § 3553(a) factors continue to counsel against granting such relief under the circumstances. *See United States v. Giron*, 15 F. 4th 1343 (11th Cir. 2021) (holding that "a district [court] may 'skip' the consideration of one condition by assuming its existence and deny relief if it finds that 'at least one of the compassionate-release conditions was not satisfied.'") (quoting *United States v. Tinker*, 14 F. 4th 1234, 1236-37 (11th Cir. 2021)).

Not only does Defendant have an extensive criminal history, Defendant's criminal offenses in the present case were serious.[3] Indeed, notwithstanding Defendant's young age at the time of the crime, the Court originally sentenced Defendant to life imprisonment—the maximum sentence available within the guideline range. ECF No. [95] at 16. Given that the Court already reduced

---

[1] To be clear, the Court does not find that Defendant has established the threshold extraordinary and compelling circumstances necessary to obtain compassionate release. Defendant has failed to establish any intervening change in law that would warrant relief under § 1B1.13(b)(6) given that the Supreme Court's *Booker* decision merely made the sentencing guidelines advisory as opposed to mandatory. *See United States v. Booker*, 543 U.S. 220, 264-65 (2005). Since Defendant was sentenced to the top of the guideline range, *see* ECF No. [95] at 16, the advisory nature of the guidelines would have had no impact on his sentence. Additionally, Defendant's "other reasons" under § 1B1.13(b)(5) are not similar in gravity to the enumerated bases for compassionate release under § 1B1.13.

[2] The Court has previously found the § 3553(a) do not favor granting Defendant compassionate release. *See, e.g.*, ECF No. [208].

[3] Defendant acknowledges that his "crime is without a doubt, an extremely serious offense." ECF No. [224] at 48.

Defendant's sentence in an earlier order,[4] the Court finds the current sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.

Moreover, the current sentence is necessary to protect the public. Although Defendant has taken educational courses while incarcerated, that fact alone fails to demonstrate Defendant is no longer a threat to the community. Defendant has developed a lengthy record of malfeasance during his term of imprisonment. Defendant's inmate records show he has engaged in violent behavior on multiple occasions, threatened bodily harm, refused to obey orders, and violated a number of prison rules. *See* ECF No. [228-1]. Because of that record, the Court is not convinced that Defendant has sufficiently rehabilitated himself to the point that release would be appropriate. Therefore, since the Court finds that the § 3553(a) factors have not been satisfied, the Court denies Defendant's motion for compassionate release.

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant Abel Diaz's Motion for Compassionate Release [pursuant to] Section 3582(c)(1)(A)(i), **ECF No. [224]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 31, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

---

[4] *See* ECF No. [130].

Case No. 00-cr-00074-BLOOM

Counsel of record

Abel Diaz
60253-004
Ray Brook
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 900
Ray Brook, NY 12977
Pro Se