UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-cr-00074-BLOOM

UNITED STATES OF AMERICA,

v.

ABEL DIAZ,

 Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Abel Diaz's Motion for Reconsideration of Plaintiff's Motion for Compassionate Release Pursuant to Section 3582(c)(1)(A)(i) ("Motion"). ECF No. [236]. The Government filed a Response in Opposition, ECF No. [241], to which Defendant filed a Reply. ECF No. [242]. The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion for Reconsideration is denied.

### I. FACTUAL BACKGROUND

On August 17, 2000, Defendant was charged by indictment with: conspiring to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846 (Count 1); attempting to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 846 (Count 2); using, carrying, and possessing firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 3); and conspiring to use, carry, and possess firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(o) (Count 4). *See* ECF No. [43]. Defendant proceeded to trial on all four counts. On

September 5, 2000, the jury returned a verdict finding Defendant guilty on Counts 1, 3, and 4 and acquitting Defendant on Count 2. ECF Nos. [58], [65].

Prior to sentencing, United States Probation issued a presentence investigation report which indicated that Defendant's total offense level was 40, and he had a criminal history category of VI, resulting in a sentencing range of 360 months to life imprisonment. On November 3, 2000, the Court sentenced Defendant to life imprisonment on Count 1, and a 20-year term on Count 3 which were to be served concurrently. *See* ECF No. [74], [95]. The Court also sentenced Defendant to five years of imprisonment on Count 2 to be served consecutively to the sentences served on Counts 1 and 3. *See id.*

In the underlying Motion for Compassionate Release, Defendant sought release pursuant to U.S.S.G. § 1B1.13(b)(6) (unusually long sentence) and § 1B1.13(b)(5) (other reasons). *See* ECF No. [224]. Regarding the unusually long sentence issue, Defendant argued that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), holding that the federal sentencing guidelines were merely advisory rather than mandatory, constituted a qualifying change in the law that occurred after Defendant's sentence, and therefore, may properly serve as an extraordinary and compelling reason to reduce his sentence under U.S.S.G. § 1B1.13(b)(6). *See id.* at 15-17. Defendant also claimed the following reasons warranted compassionate release pursuant to U.S.S.G. § 1B1.13(b)(5) (other reasons): (1) Defendant's young age when he committed the offense; (2) the length of his sentence in comparison to similarly situated offenders; (3) the length of his sentence relative to his fellow co-defendants; (4) that his arrest was the result of a reverse sting investigation; and (5) that his sentence violated *Apprendi*. *See id.* at 18-47.

On December 31, 2024, the Court issued an Order denying the Motion for Compassionate Release, finding that regardless of whether Defendant established a basis for release under either

§ 1B13(b)(5) or (6), Defendant's motion must nevertheless be denied given that the § 3353(a) factors continued to counsel against granting compassionate release under the circumstances. *See* ECF No. [234].

On January 27, 2025, Defendant filed the instant Motion seeking reconsideration of the Court's December 31st Order. ECF No. [236]. In his Motion, Defendant argues that the Court failed to respond to all the arguments and challenges raised in his Motion for Compassionate release. Defendant contends that the Court failed to adequately consider (1) his *Apprendi* and *Booker* arguments, (2) the extraordinary and compelling reasons for relief under 1B1.13(b)(6) or (b)(5); the amendments to the sentencing guidelines, (3) his youth and immaturity at the time of the offense; (4) the gross disparity in his sentence compared to similar defendants, (5) and other court decisions considering the § 3553(a) factors. The Government responds that there is no need to reconsider Defendant's Motion as it is not only untimely but is an improper procedural vehicle as the Motion seeks to merely relitigate matters already decided. *See* ECF No. [241]. Furthermore, the Government argues that Defendant's arguments fail on the merits as Defendant has failed to establish an extraordinary or compelling reason for a sentence reduction and has also failed to satisfy the § 3553(a) factors necessary to warrant relief.

**II.    LEGAL STANDRD**

**Motion for Reconsideration**

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the [United States] Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011); *United States v. Nunez*, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020). In ruling on a motion for reconsideration in a criminal case, federal courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, 2014 WL 4385446, at

3

*1 (S.D. Fla. Sept. 4, 2014).

> Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

*Nunez*, 2020 WL 5569522, at *1.

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

### III.    DISCUSSION

Upon review and construing Defendant's Motion liberally, the Court finds no basis to warrant reconsideration as Defendant has shown no "intervening change in controlling law, new

[compelling] evidence, or need to correct clear error or manifest injustice to warrant reconsideration." *Nunez*, 2020 WL 5569522, at *1.

As the Court explained in its prior Order, before a defendant may obtain compassionate release, "the Court must: (1) find Defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" ECF No. [234] (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). If any one of those four requirements are not satisfied, the Court must deny the request for compassionate release. Therefore, "a district [court] may 'skip' the consideration of one condition by assuming its existence and deny relief if it finds that 'at least one of the compassionate-release conditions was not satisfied.'" *See United States v. Giron*, 15 F. 4th 1343 (11th Cir. 2021) (quoting *United States v. Tinker*, 14 F. 4th 1234, 1236-37 (11th Cir. 2021)).

The Court denied Defendant's Motion because it found that the § 3553(a) factors continued to counsel against granting compassionate release under the circumstances. The Court determined it need not consider Defendant's § 1B1.13(b)(5) and (6) arguments because, even assuming Defendant has established an extraordinary and compelling basis for compassionate release, failure to satisfy the § 3553(a) factors alone is a sufficient basis to deny relief. *See United States v. Giron*, 15 F. 4th 1343 (11th Cir. 2021) (holding that "a district [court] may 'skip' the consideration of one condition by assuming its existence and deny relief if it finds that 'at least one of the compassionate-release conditions was not satisfied.'") (quoting *United States v. Tinker*, 14 F. 4th 1234, 1236-37 (11th Cir. 2021)).

In the instant Motion, Defendant fails to identify "(1) an intervening change in controlling

law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice" regarding the Court's § 3553(a) analysis. Instead, Defendant merely attempts to relitigate the Court's decision by citing to two other decisions in this district where he argues the court granted compassionate release under circumstances analogous to those currently present before the Court. *See* ECF No. [236] at 5, 7. However, those decisions do not identify a change in intervening law, and certainly do not establish a need to correct a clear or manifest error or injustice, particularly given the discretionary nature of the Court's § 3553(a) analysis. *See United States v. Franco-Constante*, No. 24-12328, 2025 WL 2057529, at *3 (11th Cir. July 23, 2025) (emphasizing the discretionary nature of the § 3553(a) analysis) (citing *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022)). Therefore, because Defendant fails to identify any issues the Court has overlooked or any clear errors in the Court's § 3553(a) analysis and, instead, simply attempts to relitigate his prior motion, Defendant's Motion for Reconsideration must be denied. *See Jones v. City of Palm Beach Gardens*, No. 16-81247-CIV, 2022 WL 16745733, at *2 (S.D. Fla. Nov. 7, 2022) (rejecting motion to reconsider where "the motion present[ed] only attempts to 'relitigate old matters.'").

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant Abel Diaz's Motion for Reconsideration, **ECF No. [236]**, is **DENIED**.
2. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

6

Case No. 00-cr-00074-BLOOM

Copies to:

Counsel of record

Abel Diaz
60253-004
Ray Brook
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 900
Ray Brook, NY 12977
Pro Se